IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| JAMES ERIC LOFTEN | § |
| VS. | §   CIVIL ACTION NO. 1:05cv403 |
| UNITED STATES GOVERNMENT | § |

MEMORANDUM OPINION REGARDING VENUE

James Eric Loften, an inmate confined in the McConnell Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Loften complains he has not been provided with legal supplies and that his legal mail has been stolen.

Discussion

As stated above, Mr. Loften filed this case on a form used to file petitions seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The line between claims which may be pursued via a petition for writ of habeas corpus and claims which are cognizable in a civil rights action is a blurry one. A civil rights lawsuit is the appropriate form of action for an inmate who seeks to recover money damages or other relief based upon unconstitutional conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981). In contrast, an inmate who challenges the fact that he is confined must pursue his claim in a petition for writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). The core issue in determining what type of action a claim must be

asserted in is to determine whether the inmate is challenging the fact or duration of his confinement or the conditions of his confinement. *Spina v. Aaron*, 821 F.2d 126 (5th Cir. 1987).

Although Mr. Loften filed this action using a form used to file a petition for writ of habeas corpus, he is challenging conditions of his confinement rather than the fact that he is confined or the amount of time he will remain confined. Accordingly, the court is of the opinion that Mr. Loften's filing should be construed as a civil rights action filed pursuant to 42 U.S.C. § 1983.

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendant resides or in which the claim arose.

Mr. Loften is complaining of events which occurred at the McConnell Unit, which is located in Bee County. Pursuant to 28 U.S.C. § 124, Bee County is located in the Corpus Christi Division of the United States District Court for the Southern District of Texas.

As Bee County is located in the Southern District of Texas, venue in the Eastern District of Texas would not be proper with respect to any civil rights claim. When venue is not proper, the

court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Accordingly, this case will be transferred to the Corpus Christi Division of the United States District Court for the Southern District of Texas.  A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this ___5___ day of _____July_____, 2005.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE